THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant, *vs.* A. L. WILLARD *et al.* Appellees.

*Opinion filed June 29, 1910.*

1. DEEDS—*general rule where grantor owns fee to center of adjoining highway.* Where the fee to the center of a street or highway is in the adjoining owner, the fee to the center of such street or highway will pass to his grantee unless there are words in the deed which show the contrary.

2. SAME—*when a deed to right of way does not convey fee to center of a highway.* A deed conveying a strip of land 100 feet wide for a railroad right of way, "being 50 feet on each side of the line as now located," which line ran parallel to a public highway half of which was on the grantor's land, conveys only so much of the highway as is embraced within the 100-foot strip, notwithstanding the deed contains the words, "subject to public road as it now runs," but the fee to the portion of the highway not embraced within the 100-foot strip remains in the grantor and passes by his deed when the highway is abandoned.

APPEAL from the Circuit Court of Williamson county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

DENISON & SPILLER, (EDWARD H. SENEFF, of counsel,) for appellant.

WILLIAM H. WARDER, and J. E. CARR, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of ejectment brought by the appellant in the circuit court of Williamson county against the appellees to recover a strip of land described as commencing at the north-west corner of the south-west quarter of the north-west quarter of section 19, township 8, range 3, east, running thence south 275 feet, thence east 16 feet, thence north 275 feet, thence west 16 feet to the place of beginning, in Williamson county, Illinois. The general issue was filed, and upon a trial, at the close of the plaintiff's evidence, the jury, under the direction of the court, returned a verdict in favor of the defendants, upon which verdict the court rendered judgment, and the record has been brought to this court by appeal, for review.

The parties claimed title from a common source. It appears from the record that on April 24, 1894, Felix G. Henderson was the owner in fee of the south-west quarter of the north-west quarter of said section 19; that the Chicago, Paducah and Memphis Railroad Company had located its right of way across said tract of land; that on that day Henderson conveyed a 100-foot strip across said tract, and the forty-acre tract lying immediately south of said tract, to said railroad company by the following description: "I hereby sell and convey to the said Chicago, Paducah and Memphis Railroad Company a strip 100 feet wide across my land, to-wit: Where the line of said railroad is now surveyed and located on the west side of the S. W. N. W. Qr. and the N. W. S. W. Qr. Sec. 19, Town 8, South, Range 3, East of the third P. M., subject to public road as it now runs, being 50 feet on each side of line as now located;" that on the west line of section 19 there was located a highway 40 feet wide; that 20 feet of said highway was upon the Henderson land; that the west line of the right of way strip conveyed by Henderson to the

railroad company was situated 16 feet from the section line; that in 1897 the Chicago, Paducah and Memphis Railroad Company conveyed all its property, including the right of way purchased from Henderson, to the appellant; that on March 23, 1897, the appellant purchased a strip of land 90 feet wide and 788 feet long adjoining the strip in controversy, and other lands on the west, and the old 40-foot highway on the section line was abandoned and a new highway 50 feet wide and parallel to and 40 feet west of the section line was laid out in lieu of the old highway; that in 1905 Felix G. Henderson conveyed to A. L. Willard the 16-foot strip in controversy, and Green Hindman is in possession of the same as the tenant of Willard.

It is the contention of the appellant that the title to said 16-foot strip lying between the section line and the west line of appellant's right of way passed by the deed from Henderson to the Chicago, Paducah and Memphis Railroad Company and from that railroad company to the appellant, subject to the right of the public to use the same as a highway, and that the appellant is the owner in fee of said strip, and that the highway having been abandoned, it is entitled to the possession of said premises. The appellees contend that the deed from Henderson to the Chicago, Paducah and Memphis Railroad Company only conveyed a 100-foot strip, and that the title to said 16-foot strip remained in Henderson until it was transferred by him to Willard, and that the appellant has no interest in said strip, and that Willard, by his tenant, is lawfully in possession of the same.

It has repeatedly been announced as the law of this State, that where the fee to the center of a public street or highway is in the adjoining owner, the fee to the center of the street or highway will pass to a grantee of the premises abutting upon the street or highway unless there are words in the deed which limit the operation of the deed to the margin of the street or highway. (*Hamilton*

v. *Chicago, Burlington and Quincy Railroad Co.* 124 Ill. 235; *Thomsen* v. *McCormick,* 136 id. 135; *Henderson* v. *Hatterman,* 146 id. 555; *Clark* v. *McCormick,* 174 id. 164; *Davenport and Rock Island Bridge Railway Co.* v. *Johnson,* 188 id. 472; *Huff* v. *Hastings Express Co.* 195 id. 257; *Eisendrath & Co.* v. *City of Chicago,* 192 id. 320; *Brewster* v. *Cahill,* 199 id. 309.) The question, therefore, in this case is, was the grant limited to the 100-foot strip in the deed from Henderson to the Chicago, Paducah and Memphis Railroad Company? We think an examination of the deed shows that it was. The deed does not in terms describe the premises conveyed as abutting upon the highway. On the contrary, it conveys "a strip 100 feet wide across my land,"—that is, "50 feet on each side of line as now located." At the time the deed was executed the railroad company was limited to a right of way strip 100 feet wide. The west line of the 100-foot strip was 16 feet east of the section line, and the east four feet of the 40-foot highway was thereby conveyed to the railroad company by the Henderson deed. We think it probable the words "subject to public road as it now runs," were inserted in the deed to cover the part of the highway which was included in the 100-foot strip. The grantor in the deed manifestly intended to convey to the railroad company a strip 100 feet wide across his land, and no more, for right of way purposes. The strip conveyed was not described as being on, upon or along the highway, but the west margin of the strip was four feet in the highway. We therefore conclude that the title to said 16-foot strip remained in Henderson until he conveyed the same to Willard, and that, the appellant having failed to show title in itself to said premises, the court properly instructed the jury to return a verdict for appellees.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*